IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00455-RJC
(3:08-cr-00134-RJC-DSC-18)

| | |
|---|---|
| JOHNNY ELIAS GONZALEZ, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se motion for an order authorizing him to file a successive § 2255 motion to vacate pursuant to 28 U.S.C. § 2244. (Doc. No. 1 at 1).

I. BACKGROUND

On January 26, 2010, Petitioner was convicted by a jury on one count of conspiracy to participate in an enterprise affecting interstate commerce through a pattern of racketeering, in violation of 18 U.S.C. § 1962(d). On March 4, 2011, Petitioner was sentenced to a term of 360-months' imprisonment. (3:08-cr-00134, Doc. No. 1412: Judgment). Petitioner's judgment was affirmed on appeal. See United States v. Gonzalez, 526 F. App'x 270 (4th Cir. 2012) (unpublished), cert. denied, 134 S. Ct. 342 (2013).

On or about May 6, 2014, Petitioner filed a pro se § 2255 motion to vacate in which he raised claims of ineffective assistance of counsel and a claim that he was entitled to sentencing relief based on the Supreme Court's holding in Alleyne v. United States, 133 S. Ct. 2151 (2013). The Court found Petitioner's arguments were without merit and the § 2255 motion to vacate was

1

dismissed as was his motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (3:14-cv-00234-RJC, Doc. Nos. 15, 20).

On June 30, 2016, the Fourth Circuit denied Petitioner's application to file a successive § 2255 motion to vacate. In re: Johnny Elias Gonzalez, No. 16-9443 (4th Cir. 2016). (3:16-cv-00455, Doc. No. 2).

II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

As noted, Petitioner filed an unsuccessful collateral challenge to his judgment and the record shows that the Fourth Circuit recently denied his application to file a successive § 2255 motion. As § 2244 plainly demonstrates, the Circuit Court must grant authorization to file a successive § 2255. Accordingly, because this Court is without jurisdiction to grant Petitioner's claim for relief, his motion will be dismissed.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for an Order Authorizing a Successive § 2255 Motion will be **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: July 11, 2016

Robert J. Conrad, Jr.
United States District Judge